IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

VIKKI LOU MITCHELL                                                              PLAINTIFF

VS.                              CASE NO. 3:17CV00320 PSH

NANCY A. BERRYHILL, Acting Commissioner,
   Social Security Administration                                       DEFENDANT

**ORDER**

      Plaintiff Vikki Lou Mitchell ("Mitchell"), in her appeal of the final decision of the Commissioner of the Social Security Administration (defendant "Berryhill") to deny her claim for Disability Insurance benefits (DIB) and supplemental security income (SSI), contends the Administrative Law Judge ("ALJ") erred in the following ways: (1) by finding that she suffered from several severe impairments but failing to include any limitations from these impairments in his residual functional capacity ("RFC") determination; and (2) by relying on his own lay inferences from the medical records to find her not disabled. The parties have ably summarized the medical records and the testimony given at the administrative hearing conducted on October 19, 2016. (Tr. 29-45). The Court has carefully reviewed the record to determine whether there is substantial evidence in the administrative record to support Berryhill's decision. 42 U.S.C. § 405(g). The relevant period under consideration is from January 24, 2014, the date of alleged onset, through March 2, 2017, when the ALJ ruled against Mitchell.

*The Administrative Hearing:*

Mitchell was 60 years old with some college education at the time of the administrative hearing. She testified to living alone, being able to cook but not clean, and to driving, though with difficulties getting in and out of the vehicle. Mitchell described difficulties walking, indicating she could go for 20 to 50 feet before needing a break. She uses a walker periodically (not everyday). The walker was not prescribed. She takes the following medications twice daily: hydrocodone acetaminophen, Vimpat, lisonopril hydrochlorothiazide, Motrin, and Tagamet. She also takes aspirin and Simvastitin once daily. Mitchell spoke of her previous work, including cashier and related duties with a grocer. According to her, she could not return to this work because she cannot "lift anything anymore." (Tr. 36). She described limited daily activities, attending Bible study occasionally and church on Sunday. She stated she knit and crochets, watches television, and plays games on her iPad. The knitting occurs for short periods, such as 15 minutes, before taking a 15 minute break. Mitchell testified she microwaves her meals, cannot stand for more than 10 minutes before back pain necessitates a 60-90 minute break, cannot type, and has grip problems, even with light objects. She estimated she could not handle items for 2-3 hours during a work day. Mitchell identified her "biggest problem" as standing, walking, and sitting for a long time. (Tr. 32-41).

David Elmore ("Elmore"), a vocational expert, testified that Mitchell's past relevant work was as an office assistant and grocery checker. The ALJ posed a hypothetical question to Elmore, asking him to assume a worker of Mitchell's age, education, and experience, who could perform medium work but only occasionally stoop, crouch, crawl, and kneel, and who could not be exposed to hazards. Elmore stated such a worker could perform Mitchell's past relevant work. The ALJ then altered the hypothetical, changing only the level of work from medium to light. Elmore again

2

testified that such a worker could perform Mitchell's past relevant work. The ALJ altered the variables again, this time changing the exertional level from light to sedentary. Elmore indicated such a worker could not perform Mitchell's past relevant work, but could perform other work in the national economy, such as the job of food checker. Elmore testified that this would be true even if the hypothetical worker needed to use a walker one day a week. (Tr. 42-44).

*ALJ's Decision:*

In his March 2, 2017, decision, the ALJ determined Mitchell had not engaged in substantial gainful activity from January 24, 2014, through the date of the decision. Severe impairments found by the ALJ were carpal tunnel syndrome, hearing loss, obesity, loss of central visual acuity, benign brain tumor, and degenerative disc disease of the lumbar spine. The ALJ found Mitchell had non severe impairments of memory loss due to head trauma, bursitis in all joints, hypertension, high cholesterol, GERD, depression, and anxiety. The ALJ found Mitchell did not meet any Listing, and specifically mentioned Listings 1.02, 2.02, 2.10, and 11.05. The ALJ determined Mitchell had the RFC to perform sedentary work except for only occasional stooping, crouching, crawling, and kneeling, with no exposure to hazards, and with the use of a walker to ambulate at work one day per week. This RFC formulation was based, in part, upon the ALJ's determination that Mitchell's subjective allegations were not "fully consistent with the evidence of record." (Tr. 16). The ALJ thoroughly examined the medical evidence regarding the existence and effect of Mitchell's benign brain tumor, degenerative disc disease, loss of visual acuity, hearing loss, carpal tunnel syndrome, and obesity. The ALJ conceded that Mitchell's medical impairments could reasonably be expected to cause her symptoms but that the symptoms were not as intense, persistent, and limiting as she described. After the ALJ considered Mitchell's daily activities, he concluded that the RFC

3

accounted for Mitchell's limitations. Ultimately, the ALJ relied upon Elmore's testimony and found Mitchell capable of performing work in the national economy. Accordingly, the ALJ concluded Mitchell was not disabled. (Tr. 10-22).

**ALJ error in finding Mitchell suffered from several severe impairments but failing to include any limitations from these impairments in his RFC determination:**

Mitchell contends the ALJ should have included specific limitations in his RFC for her brain tumor, carpal tunnel syndrome, hearing loss, and loss of central acuity. Had he done so, according to Mitchell, the ALJ would not have found her capable of performing the job of food checker, which requires frequent handling and fingering, frequent near acuity, and would not accommodate her memory loss. Our review of the ALJ's decision reveals no error in this regard. The ALJ considered Mitchell's impairments and specifically addressed the medical evidence regarding the impairments. For example, although the ALJ determined the carpal tunnel syndrome was a severe impairment, the medical evidence showed good range of motion and negative Tinel's sign. Mitchell's orthopedist noted that her nerve conduction study showed "bilateral mild carpal tunnel syndrome" and prescribed braces and a Medrol dose pack while noting he would see her if she was not improving in a month or two. (Tr. 367). Regarding her brain tumor, Mitchell faults the ALJ for failing to attribute memory loss to this condition. However, the ALJ specifically found Mitchell's assertion of memory loss due to head trauma to be non-severe, and he detailed the treatment of her benign brain tumor, which involved some weakness and numbness which resolved with treatment resulting in normal range of motion, motor strength and gait. The ALJ need not have included memory loss in the RFC since the medical evidence and his findings do not support such a limitation. Although Mitchell's hearing and vision loss were noted as severe impairments, the

medical records reflect these impairments were not the subject of frequent treatment, and were addressed with hearing aids and contact lenses. Mitchell's own testimony was that her biggest problem was standing, walking, and sitting for long periods of time. The ALJ addressed this in his RFC determination, providing for sedentary work with restrictions, including an allowance for the use of a walker one day per week.

The ALJ is not obligated to base his RFC opinion upon a formula tied to the Step 2 severe impairment findings, with a limitation corresponding to each impairment. Nor is he obligated to build his RFC determination around the opinion of a single medical care professional to the exclusion of others. Instead, it "is the ALJ's responsibility to determine a claimant's RFC based on all relevant evidence, including medical records, observations of treating physicians and others, and claimant's own descriptions of his limitations." *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001). Substantial evidence supports the ALJ's consideration of the relevant factors in this instance.

**ALJ error in relying on his own lay inferences from the medical records:**

Mitchell contends the ALJ erred in his decision and should have obtained an opinion from either Mitchell's treating physician or ordered a consultative examination rather than relying on the opinions of non-examining physicians and his own inferences from the record before him.

The Court is satisfied the ALJ adequately developed the record, and that it contained sufficient information for him to have made a well informed decision.[1] It is true that there is no opinion addressing Mitchell's ability to perform work-related activities, and while such an opinion

---

[1] While the ALJ has an obligation to fully develop the record, there is no bright line test for determining whether he has done so; the determination is made on a case by case basis. *See Battles v. Shalala*, 36 F.3d 43 (8th Cir. 1994). The key is whether the record provides the ALJ with ample information to allow an informed decision to be made.

or opinions would have been helpful, one was not required. *See Hensley v. Colvin*, 829 F.3d 926 (8th Cir. 2016) (no requirement that an RFC finding be supported by a specific medical opinion). Medical records from treating physicians can provide affirmative medical evidence supporting an RFC determination. *Johnson v. Astrue*, 628 F.3d 991 (8th Cir. 2011). Here, the ALJ could and did rely, in large part, upon the records of treating physicians. The ALJ did not rely upon the opinions offered by the state agency medical professionals, who opined Mitchell could perform a range of medium work. The ALJ could make the assessment that he did, and substantial evidence supports his findings.

In summary, substantial evidence supports the determinations reached by the ALJ. We are mindful that the Court's task is not to review the record and arrive at an independent decision, nor is it to reverse if we find some evidence to support a different conclusion. The test is whether substantial evidence supports the ALJ's decision. *See, e.g., Byes v. Astrue*, 687 F.3d 913, 915 (8th Cir. 2012). This test is amply satisfied in this case.

IT IS THEREFORE ORDERED that the final decision of Berryhill is affirmed and Mitchell's complaint is dismissed with prejudice.

IT IS SO ORDERED this 3rd day of July, 2018.

                                                UNITED STATES MAGISTRATE JUDGE